## FOSDICK v. CAR COMPANY.

The ruling in *Fosdick* v. *Schall* (*supra*, p. 235), that where a contract between A. and a railroad company for furnishing it cars provides that they shall be his property until paid for, a pre-existing mortgage by the company of all its then property, or that which it might thereafter acquire, does not subordinate the claim of A. for the price of the cars to the lien of the mortgagees, reaffirmed and applied to this case.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Henry Crawford* and *Mr. Ashbel Green* for the appellants. *Mr. R. Biddle Roberts, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This appeal presents another petition of intervention filed in the suit of *Fosdick & Fish* v. *The Chicago, Danville, & Vincennes Railroad Company.* The general facts appearing in that suit are stated in the case of *Fosdick* v. *Schall, supra,* p. 235.

The claim of this intervener, the Southwestern Car Company, like that of Schall, arises out of a contract for the sale of cars, made with the railroad company on the 10th of January, 1875, a few days before the appointment of the receivers in the State court. The price was secured by the notes of the company on long time, but the title of the cars was to remain in the vendor until the notes were paid. · The cars all had upon them marks indicating the ownership of the intervener.

The petition of intervention was filed Jan. 27, 1876. It set out the particulars of the contract, and asked that the receiver might be authorized to pay the price and keep the cars, as they

were necessary for the profitable equipment of the road. Fosdick and Fish and the intervening bondholders answered, and without denying the material averments in the petition, claimed that notwithstanding the conditions of the sale the lien of the mortgages was paramount to the title of the intervener. The petition was referred to a master to take testimony and report; but before any report was brought to the attention of the court, if indeed any had been filed, a decree of sale was entered in the principal cause in such form as to direct a sale of the cars in question as part of the railroad. After the sale had been made and confirmed, a report under the order of reference in the petition of intervention was filed. This report was to the effect that the title of the cars had never passed out of the vendor ; that the price agreed to be paid, $12,750, was reasonable ; that no part of it had been paid ; that the cars had been in use on the road since January, 1875, for which no compensation had been made ; and that these cars or similar ones were needed for the business of the railroad.

Fosdick and Fish and the intervening bondholders excepted, on the ground that the lien of the mortgages was paramount to the title of the intervener. Upon the hearing the exceptions were overruled; and as the cars had been included in the foreclosure sale, the clerk was directed to pay the purchase price to the intervener from the fund in court. From this decree the present appeal has been taken.

According to the decision in *Fosdick* v. *Schall*, the lien of the mortgages upon the cars now in question was subject to the paramount claim of the car company for the price. The intervening petition on file when the foreclosure sale was made was notice to the purchasers that the rights they acquired under the sale would be subject to the claim of the car company, as finally determined in the further progress of the cause. A restoration of the cars might, therefore, have been decreed to the intervener notwithstanding the sale. Instead of that, the payment of the price from the fund in court has been ordered. We do not understand that objection is made to this if the claim of the intervener is superior to that of the mortgages, as we hold it to be.

*Decree affirmed.*